IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

                Plaintiff,                            ORDER

      v.                                              11-cv-518-bbc

WILLIAM POLLARD, BELINDA SCHRUBBE,
PAUL SUMNICHT, GAIL WALTZ,
and JANE/JOHN DOE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Lloyd Schuenke, a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin, has submitted a proposed complaint alleging that prison medical staff is failing to treat his toenail fungus. Plaintiff seeks leave to proceed with his complaint in forma pauperis. However, because plaintiff has struck out under 28 U.S.C. § 1915(g), he cannot obtain indigent status under § 1915 unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury. After considering plaintiff's complaint, I conclude that his allegations qualify under the imminent danger standard, but will direct him to show cause why the case should not be dismissed for

1

failure to exhaust administrative remedies.

I draw the following facts from plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff Lloyd Schuenke is a prisoner at the Waupun Correctional Institution. Defendants Gail Waltz, Belinda Schrubbe, William Pollard and Paul Sumnicht are all employed at the Waupun Correctional Institution; Waltz is a nurse, Schrubbe is the health services unit manager, Pollard is the warden and Sumnicht is a doctor. Defendant Jane/John Doe is the director of the Department's Bureau of Health Services in Madison.

Plaintiff was transferred to the Waupun Correctional Institution on July 14, 2009. Shortly thereafter, plaintiff developed a fungus under the big toenail of his right foot. On February 27, 2011, plaintiff submitted a health service request asking to be seen regarding the toenail fungus, stating "[t]he toenail is completely unattached from the actual toe. This problem started when I started to wear the state boots." On March 1, 2011, plaintiff was seen by defendant Waltz. After examining plaintiff, Waltz filled out a report and referred the matter to "the medical doctor" for followup.

Since then, plaintiff has been seen by health services staff for other medical problems several times, but has not been seen for the toenail fungus. The fungus has now spread to another toe. Plaintiff can no longer perform work assignments without discomfort and

"excruciating" pain.

## DISCUSSION

### A. Imminent Danger

Plaintiff has filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. However, as stated above, plaintiff has struck out under 28 U.S.C. § 1915(g). This provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has been denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Schuenke v. Wisconsin Dept. of Corrections, 96-C-748 (W.D. Wis. Sept. 30, 1996); Schuenke v. County of Milwaukee, 97-C-46 (W.D. Wis. Jan. 30, 1997); and Schuenke v. Wisconsin Dept. of Corrections, 98-C-95 (W.D. Wis. Mar. 23, 1998).

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate.

3

Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)).  In his complaint, plaintiff alleges that prison staff refuses to treat his toenail fungus, which causes him discomfort and severe pain.

In considering whether plaintiff's complaint meets the imminent danger requirement of § 1915(g), a court must follow the well established proposition that pro se complaints must be liberally construed.  Ciarpaglini, 352 F.3d at 330.  Further, it is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury" under § 1915(g).  Id. at 331.

Given this framework, I conclude that plaintiff's allegations qualify under the imminent danger standard.

### B. Exhaustion of Administrative Remedies

Usually, I would proceed to screen plaintiff's allegations to determine whether they state a claim upon which relief may be granted.  However, plaintiff's complaint raises the question whether he has exhausted his administrative remedies as required under the 1996 Prison Litigation Reform Act.  42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

4

remedies as are available are exhausted.") Plaintiff states that he was "not allowed to file an offender complaint within the mandatory fourteen (14) day time limit because [he] was lied to, mislead and left with the impression that [he] was waiting to be seen by a medical doctor the whole time as informed and/or told by registered nurse Gail Waltz on March 1, 2011."

The Court of Appeals has made it clear that "[p]rison officials may not take unfair advantage of the exhaustion requirement, [ ] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Such misconduct would include a situation in which prison officials had prohibited plaintiff from filing an inmate grievance or rejected his grievance as untimely after actually causing the delay by stringing him along with misrepresentations that he would be treated soon.

I do not understand plaintiff to be asserting this type of misconduct. Rather, I understand him to be saying that he never filed an inmate grievance because he assumed that one would be rejected as untimely. The purpose of administrative exhaustion is to give prison officials a chance to resolve the complaint without judicial intervention. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation"). It does not appear that plaintiff has given the inmate grievance process a chance to work or that prison

5

staff otherwise prohibited him from filing a grievance. Because plaintiff has still not received treatment for his toenail fungus, he remains free to file an inmate grievance about the lack of care. Accordingly, I am directing plaintiff to show cause why the case should not be dismissed for his failure to exhaust administrative remedies.

ORDER

IT IS ORDERED that plaintiff Lloyd Schuenke may have until September 28, 2011 to show cause why this case should not be dismissed for his failure to exhaust his state court remedies. If plaintiff does not respond by that date, I will dismiss the case without prejudice to plaintiff's refiling it after he has finished exhausting his administrative remedies.

Entered this 15th day of September, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6